UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CARLTON WRIGHT,  )<br>　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　)<br>　vs.　　　　　　　　　　　)<br>　　　　　　　　　　　　　　)<br>CHARLES THOMPSON, Jeffersonville )<br>Police Department Detective sued in his )<br>Individual Capacity,　　　　　)<br>　　　Defendant.　　　　　　) | 4:12-cv-10-RLY-WGH |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

On December 23, 2011, Carlton Wright ("Plaintiff") filed a complaint against Detective Charles Thompson ("Defendant"), alleging Defendant used excessive force when apprehending him, in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). On February 1, 2012, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the foregoing reasons, Defendant's motion is **DENIED**.

**I.     Factual Allegations**

Defendant is a detective with the Jeffersonville Police Department. (Complaint ¶ 2). On December 24, 2009, Defendant was in pursuit of Plaintiff and shot him in the lower back in an effort to apprehend him. (*Id.* ¶¶ 3-4). At the time, Plaintiff alleges that he was unarmed and posed no threat to Defendant's safety. (*Id.* ¶ 3).

1

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *United States v. Clark County, Ind.*, 113 F.Supp.2d 1286, 1290 (S.D. Ind. 2000) (citing *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990)). In ruling on a motion to dismiss, the court construes the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint are accepted as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III. Discussion

### A. Judicial Notice

Defendant's motion is based on the facts as established by the Indiana Court of Appeals in *Wright v. State*, Plaintiff's related criminal matter, rather than the complaint's factual allegations. 950 N.E.2d 365, 367-68 (Ind. Ct. App. 2011). Generally, a court may not consider matters outside the pleadings when determining a motion to dismiss without converting the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d). However, "[t]he courts . . . have crafted a narrow exception to this rule to permit a district court to take judicial notice of matters of public record without converting a motion for

failure to state a claim into a motion for summary judgment." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). The public records exception permits a court to take judicial notice of state court opinions. *See 520 S. Mich. Ave. Assocs. Ltd. v. Shannon*, 549 F.3d 1119, 1137 n.14 (7th Cir. 2008) (citing *In re Salem*, 465 F.3d 767, 771 (7th Cir. 2006)).

Here, Defendant does not ask the court to take judicial notice of *Wright v. State*; instead, he asks the court to take judicial notice of the findings of fact in that case and adopt them as true for purposes of this case. While the court may take judicial notice of the state court opinion itself, "courts generally cannot take notice of findings of fact from other proceedings for the truth of the matter asserted therein because these findings are disputable, and usually are disputed." *Gen. Elec. Capital Corp.*, 128 F.3d at 1082 n.6; FED. R. EVID. 201(b) (a court "may take judicial notice of a fact that is not subject to reasonable dispute . . . ."). Although the Seventh Circuit noted that it is "conceivable that a finding of fact may satisfy the indisputability requirement," the court is reluctant to find so here. *Gen. Elect. Capital Corp.*, 128 F.3d at 1082 n.6.

.   **B.   Excessive Force Claim**

Excessive force claims arising under the Fourth Amendment are analyzed under an objective reasonableness test, which requires a court to consider factors such as the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. *Jacobs v. City of Chicago*, 215 F.3d 758, 773 (7th Cir. 2000)

(citations omitted).

Plaintiff alleges that Defendant shot him, even though Plaintiff was unarmed and posed no threat to Defendant, in order to simply apprehend Plaintiff. Taking these facts as true, Plaintiff states a plausible claim for relief for excessive force. Therefore, Defendant's motion to dismiss must be **DENIED**.

## IV. Conclusion

Based on the aforementioned reasons, Defendant's motion to dismiss (Docket # 18) is **DENIED**.

**SO ORDERED** this 25th day of June 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies To:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com